IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: APPLICATION OF SADKORA ENERGY AB FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL. | Case No. _____ |

## APPLICATION FOR ORDER
## TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Section 1782 of Title 28 ("Section 1782") is the provision under which U.S. courts provide assistance to foreign tribunals by allowing for document production and depositions in the United States in aid of foreign proceedings. Here, the foreign tribunal has specifically requested the assistance of the U.S. courts in obtaining discovery in Delaware. Thus, Sadkora Energy AB ("Sadkora") makes this application and requests that Harvard Business Services, Inc, among others, which is present in this district, be directed to give testimony and produce documents for use in the foreign proceeding now pending in Sweden. In support of this application, Sadkora has attached hereto and makes a part hereof the Declaration of Jonas Benedictsson.

### Factual Background

1.      For many years, Sadkora, a Swedish company, has been involved in energy and infrastructure projects in Russia and the Baltic States, including Estonia.

2.      In early 2002, Sadkora and Aigar Ojaots, on behalf of his Estonian company, Oü Hansadroom, entered into a co-operation agreement and Shareholder Agreement that created AS Trendgate ("Trendgate"), an Estonian company, to facilitate an oil export project.

3.       After the preliminary part of the oil export project was completed, Sadkora commenced negotiations to sell 70% of the shares of Trendgate to Severstaltrans.

4.       Sadkora and Ojaots agreed to and formed Hansa Sadkora Holding AB in order to effectuate their transfer to Severstaltrans.

5.       On December 30, 2003, at Ojaots's demand, Sadkora and Ojaots executed an Amendment Agreement that replaced Oü Hansadroom with Uniwest, a Delaware LLC, the subject of the current application, as a shareholder in Hansa Sadkora Holding AB.[1]  Ojaots signed the agreement on behalf of Uniwest.

6.       Shortly thereafter, Hansa Sadkora Holding AB sold 70% of its shares in Trendgate to Severstaltrans.

7.       During the summer of 2004, Sadkora agreed to sell Hansa Sadkora Holding AB's remaining interest in Trendgate to new investors.

8.       On the day of the closing of the sale of Sadkora's remaining 24%, Ojaots sought reimbursement of $220,000 for newly asserted expenses related to the initial facilitating costs of the project.

9.       Sadkora objected and maintained that such facilitating expenses were to be paid by Trendgate pursuant to the Shareholders Agreement.

10.      Ojaots proposed that Sadkora seek reimbursement from Trendgate or its owners since he asserted it could still be argued as a cost of the project.

11.      Sadkora informed Ojaots that it was unlikely Trendgate or its owners would make such a concession.

---

[1] Uniwest Holding LLC, which later changed its name to Antonina Tann LLC (collectively referred to as "Uniwest"), does business and has its principal place of business in this District at 25 Greystone Manor, Lewes, DE 19958-9776.

- 2 -

12.      Ojaots recognized this, but maintained that it was worth the effort.

13.      Sadkora and Ojaots, on behalf of Uniwest, entered into a Settlement Agreement (Benedictsson Declaration Exhibit A), whereby Sadkora would advance Uniwest $220,000 for the fees Ojaots asserted and Sadkora would request reimbursement from Trendgate and its owners.  If, however, Trendgate and its owners refused to pay the $220,000 in fees, Uniwest would repay the $220,000 to Sadkora.

14.      Sadkora asked Trendgate and its owners if they would pay the $220,000 and they refused.

15.      The refusal was communicated to Ojaots, who has since failed to reimburse the $220,000 to Sadkora.

16.      Based on information from the Delaware Secretary of State, Uniwest is still formally active in the State of Delaware and has not been dissolved.  However, the company, is no longer in good standing as it has not paid its taxes and fees to the State for numerous years

17.      Harvard Business Services, Inc. ("Harvard") does business and has its principal place of business in this District at 16192 Coastal Highway, Lewes, Delaware 19958. Harvard  was Uniwest's registered agent until it resigned on January 4, 2008.  (Benedictsson Declaration Exhibit B).  Uniwest does not have the required registered agent in Delaware at this time.

18.      Sadkora asserts that Ojaots emptied Uniwest of all of its assets and has left it to wither without any recourse available to its creditors, including Sadkora.  Sadkora has therefore instituted arbitration proceedings pursuant to the Settlement Agreement, in Sweden, in order to collect its $220,000 from Uniwest and/or Ojaots.

19.      Ojaots maintains that he "has never been affiliated with [Uniwest] as owner or

shareholder or in control of the company in any other way . . . ." Simple common sense leads to the conclusion that Ojaots would not have forfeited his earnings in Oü Hansadroom, in the amount of $2,000,000, to a company he did not control and with which he had no affiliation.

20.    Moreover, Ojaots's assertions are contradicted by the Affidavit of Harvard, Uniwest's registered agent, which states that "The Initial Members of the company" consists solely of Ojaots. (Benedictsson Declaration Exhibit C). The Affidavit further states:

> The members have the right to manage the Company and are granted all rights, powers, authority and authorization necessary, appropriate, advisable and/or convenient to manage the Company and to determine and carry out its affairs.

21.    It is Sadkora's position that Ojaots never had any intention of fulfilling his obligation to repay the $220,000. Ojaots caused Uniwest's funds to be moved out of the company and beyond its control in order that Uniwest could not perform its obligation to repay Sadkora the $220,000. Under these facts, Sadkora is arguing in the Swedish arbitration that it is entitled to pierce the corporate veil of Uniwest and pursue Ojaots individually.

22.    Harvard, as the original registered agent of Uniwest, has documents relating to the creation of Uniwest, as well as information concerning the individuals it dealt with on behalf of Uniwest. These documents and information are directly relevant to the piercing the corporate veil claim being asserted in the arbitration. Of course, Uniwest itself has relevant documents as well.

23.    According to the documents submitted by Ojaots in his statement of defense, All Risks RE Corp. ("All Risks") became the new and sole member of Uniwest on August 10, 2004. (Benedictsson Declaration Exhibit D). Therefore, All Risks has documents related to its purchase of all the shares of Uniwest, such as documents that will show whether Ojaots was the

- 4 -

prior 100% shareholder of Uniwest, documents that will show whether Ojaots owns any or all the shares of All Risks and documents that will show whether Ojaots had an agreement with All Risks. These documents and information are directly relevant to the piercing the corporate veil claim being asserted in the arbitration.

24.    Harvard is also the registered agent of All Risks (Benedictsson Declaration Exhibit E). Harvard's Chairman, Richard H. Bell II, is the signatory to the Uniwest Company Agreement submitted by Ojaots, whereby All Risks became the 100% owner of Uniwest. (Benedictsson Declaration Exhibit D). As such, Harvard has documents relating to All Risks, including documents relating to the sale of Uniwest to All Risks, which documents will have information concerning the individuals who acted on behalf of Uniwest.

25.    The Arbitrator is obviously familiar with the claims and defenses being asserted in the arbitration. He has issued an order requiring the production of certain documents. Moreover, he has specifically granted Sadkora permission to submit a petition to the Delaware courts pursuant to 28 U.S.C. § 1782 and further respectfully requested the assistance of the Delaware courts should a petition be filed. (Benedictsson Declaration Exhibit F).

### Discovery Under Section 1782 is Proper Under These Facts

Section 1782, provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the . . . document or other thing be produced, before a person appointed by the court . . . .

28 U.S.C. § 1782. Thus, there are three general requirements under Section 1782: (1) The person from whom the evidence is sought must reside in the district (2) the evidence sought must be for use in a foreign proceeding, and (3) the application must be made by an interested person.

In the one and only case in which the Supreme Court has addressed Section 1782, it made clear that the statute should be read broadly and it rejected efforts by lower courts to read into implementation the statute requirements that were not set forth in the plain language of the statute. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004).

Here, the requirements of the statute are easily met. Sadkora seeks discovery from Uniwest Holding, LLC and Harvard Business Services, Inc. The former is a Delaware LLC and the latter has its place of business at 16192 Coastal Highway, Lewes, Delaware 19958. Thus, each is found in this district.

As to the second requirement, the request is made in connection with a foreign arbitral proceeding. In the *Intel* decision, Justice Ginsburg noted that the prior version of Section 1782 had used the term "any judicial proceeding," but that term was replaced in the revised (and current) statute with the term "a proceeding in a foreign or international tribunal." Justice Ginsburg then quoted from an article written by Professor Hans Smit of Columbia Law School, the primary draftsperson of the current version of Section 1782, who wrote, "[t]he term 'tribunal' . . . includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts." Smit, International Litigation under the United States Code, 65 Colum. L. Rev. 1015, 1026–1027, and nn. 71, 73 (1965) (emphasis added).

Since *Intel*, courts have followed Justice Ginsburg's direction and held that Section 1782 assistance is available in aid of foreign arbitration. In *In re Roz Trading Ltd.*, 469 F. Supp. 2d 1221 (N.D. Ga. 2006), the court granted a 1782 application in connection with an arbitral proceeding being held in Vienna, just like in the case at Bar. The district court held that the Supreme Court in *Intel* "provided sufficient guidance for [it] to determine that arbitral panels . . .

are 'tribunals' within the statute's scope."[2]   In *In Re Application of Hallmark Capital Corporation*, 2007 U.S. Dist. LEXIS 96405 *2, (D. Ind. June 1, 2007), the court held that an arbitration being conducted in Israel "qualifies as a 'tribunal' under Section 1782."

In *In re Oxus Gold PLC*, 2006 WL 2927615 (D.N.J. Oct. 11, 2006), the court also referred to the Supreme Court's decision in *Intel* in granting a 1782 application in aid of a foreign arbitration.  In sum, the application in the case at Bar, made in connection with a foreign arbitral proceeding, meets the second prong of the statute.

The third prong is whether the application is brought by an "interested person."  The Supreme Court stated in Intel that, "No doubt litigants are included among, and may be the most common example of, the 'interested person[s].'"  *Intel Corp.*, 542 U.S. at 256 (alteration in original).  Here, the application is brought by a party to the foreign proceeding and, therefore, it clearly qualifies as an application brought by an interested person.

One other point worth mentioning is that the Supreme Court stated in *Intel* that a district court "may take into account . . . the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  *Intel Corp.*, 542 U.S. at 264.  Here, there is no question about that receptivity.  The arbitrator has issued an Order in which he stated :

> The Sole Arbitrator expressly grants the Claimant permission to submit a petition to the Delaware courts on the basis of this Order pursuant to 28 U.S.C. § 1782, and respectfully asks the Delaware courts for their assistance in this regard, should such a petition be submitted.

(Benedictsson Declaration, Exhibit F).

The requirements of Section 1782 having been met, Sadkora respectfully requests that the Court enter an Order:

---

[2]     469 F. Supp. 2d  at 1224.

A.    granting Sadkora Energy AB's application for discovery from Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services, Inc. pursuant to 28 U.S.C. § 1782;

B.    authorizing Sadkora Energy AB to issue to Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services, Inc. pursuant to Fed. R. Civ. P. 45:

(1)    subpoenas for the production of documents in the form attached hereto as Exhibits A, B and C, compelling Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services, Inc. to produce documents within ten (10) days following service of each subpoena; and

(2)    a subpoena pursuant to Fed. R. Civ. P. 30(b)(6) in the form attached hereto as Exhibit A, directing a corporate representative of Uniwest Holding LLC/Antonina Tann LLC to appear and give a deposition on the matters covered by the document requests attached to the proposed order as Exhibit A, Attachment 2; and

(3)    a subpoena pursuant to Fed. R. Civ. P. 30(b)(6) in the form attached hereto as Exhibit B, directing a corporate representative of All Risks RE Corp. to appear and give a deposition on the matters covered by the document requests attached to the proposed order as Exhibit B, Attachment 2; and

(4)    a subpoena pursuant to Fed. R. Civ. P. 30(b)(6) in the form attached hereto as Exhibit C, directing a corporate representative of Harvard Business Services, Inc. to appear and give a deposition on the matters covered by the document requests attached to the proposed order as Exhibit C, Attachment 2; and

DB01:2541418.1                                        900002.0003

(5)    subpoenas for the production of additional documents and the taking of additional depositions in the District of Delaware in possession of relevant evidence and/or knowledge.

C.    appointing Young Conaway Stargatt & Taylor, LLP and Baker & McKenzie LLP to issue, sign and serve such subpoenas upon Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services, Inc. pursuant to Fed. R. Civ. P. 45(a)(3) in this matter; and

D.    directing Sadkora Energy AB to deliver copies of the Court's order and any subpoenas issued pursuant to the order to the parties to the Swedish proceedings.

Respectfully submitted,

Dated: April 17, 2008                    YOUNG CONAWAY STARGATT
                                          & TAYLOR, LLP

                                          _____
                                          John W. Shaw (#3362)
                                          *jshaw@ycst.com*
                                          Elena C. Norman (#4780)
                                          *enorman@ycst.com*
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, DE  19801
                                          (302) 571-6600

                                          *Attorneys for Applicant*
                                          *Sadkora Energy AB*

OF COUNSEL:

David Zaslowsky
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 626-4100

DB01:2541418.1                                                                    900002.0003

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena In a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    DELAWARE

IN RE APPLICATION OF
OF SADKORA ENERGY
AB FOR ASSISTANCE
BEFORE A FOREIGN
TRIBUNAL.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]

TO:
Uniwest Holding LLC
Antonina Tann LLC
25 Greystone Manor
Lewes, Delaware 19958-9776

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.  See Attachment 1

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | April    , 2008, 10:00 a.m. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 2.

| PLACE | DATE AND TIME |
|---|---|
|  | April    , 2008, 10:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following promises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Claimant | April    , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena In a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT 1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf, to appear and testify as to the matters covered by the documents requested in Attachment 2 of this subpoena.

## ATTACHMENT 2

### DEFINITIONS

1.    As used herein Uniwest Holding LLC refers not only to the corporation itself but to its directors, officers, employees, attorneys, agents, servants and/or representatives, as well as its predecessors or successors in interest, parents, divisions, subsidiaries and affiliates and their respective directors, officers, employees, attorneys, agents, servants and/or representative and predecessors or successors in interest, parents, divisions, subsidiaries and affiliates.

2.    As used herein Antonina Tann LLC refers not only to the corporation but to its directors, officers, employees, attorneys, agents, servants and/or representatives, as well as its predecessors or successors in interest, parents, divisions, subsidiaries and affiliates and their respective directors, officers, employees, attorneys, agents, servants and/or representative and predecessors or successors in interest, parents, divisions, subsidiaries and affiliates.

### INSTRUCTIONS

1.    Each request for DOCUMENTS seeks production of all DOCUMENTS described herein, in the possession, custody or control of Uniwest Holding LLC/Antonina Tann LLC, or of the agents, attorneys, servants, employees or representatives of any of them, whether prepared by Uniwest Holding LLC/Antonina Tann LLC or anyone else.

2.    Each request shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of this document request all DOCUMENTS that might otherwise be construed to be outside its scope.  "Including" shall be construed to mean "without any limitation." "All" includes the word "any" and vice versa.  The past tense shall include the present tense and the

present tense shall include the past tense so as to make the request inclusive rather than exclusive. The singular shall include the plural.

3.     This request for production of DOCUMENTS is ongoing and continuing and requires further and supplemental production by Uniwest Holding LLC/Antonina Tann LLC whenever any one of them attains knowledge or a right of custody or custom of any additional DOCUMENTS within the scope of this request.

4.     In producing DOCUMENTS pursuant to this request, please indicate to which numbered request each DOCUMENT is responsive.

5.     For each DOCUMENT that you withhold on the basis of a claim of privilege, state:

   a)  the type of DOCUMENT (i.e., letter, memo, report, etc.);

   b)  information sufficient to enable identification of the DOCUMENT, including the title, subject matter, date, name and address of the author or signer, name and address of addressee, persons copied with the DOCUMENT and all other recipients;

   c)  the existence of any attachments, addenda or appendices;

   d)  the present location and custodian of the DOCUMENT; and

   e)  the type and basis of the privilege asserted.

6.     All DOCUMENTS shall be produced in the form in which they are maintained.  A request for a DOCUMENT shall be deemed to include a request for any and all file folders within which the DOCUMENT was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the DOCUMENT in addition to the DOCUMENT itself.

7.      Any objections to the production of DOCUMENTS requested herein shall be made in writing, specify the grounds upon which the objection is based, and be delivered to the law offices of Young Conaway Stargatt & Taylor, LLP, on or before the date set for production.

## DOCUMENTS REQUESTED

1.      All company and shareholder agreements of Uniwest Holding LLC/Antonina Tann LLC, except for the Uniwest Holding LLC Company Agreement dated August 10, 2004.

2.      All amendments to the documents referred in paragraph (1).

3.      All documents evidencing membership or participation in Uniwest Holding LLC/Antonina Tann LLC, including shareholder or company member certificates.

4.      All company and shareholder agreements of All Risks RE Corp., including shareholder or company member certificates.

5.      All amendments to the documents referred to in paragraph (4).

6.      All documents evidencing membership or participation in All Risks RE Corp., including shareholder or company member certificates.

7.      All documents evidencing an agreement between Aigar Ojaots and All Risks RE Corp.

8.      All documents evidencing the grant of authority to represent Uniwest Holding LLC/Antonina Tann LLC during the year 2004, including powers of attorney.

9.      All other documents related to the participation of Uniwest Holding LLC/Antonina Tann LLC and All Risks RE Corp. that is relevant to the claim of relief pending in Sweden.

10.      All other documents relating to Uniwest Holdings LLC/Antonina Tann LLC and All Risks RE Corp. that have not been produced in response to previous requests.

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena In a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT  OF      DELAWARE

IN RE APPLICATION OF
OF SADKORA ENERGY
AB FOR ASSISTANCE
BEFORE A FOREIGN
TRIBUNAL.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]

TO:
All Risks RE Corp.
25 Greystone Manor
Lewes, Delaware 19958-9776

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.  See Attachment 1

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | April    , 2008, 10:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 2.

| PLACE | DATE AND TIME |
|---|---|
|  | April    , 2008, 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following promises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Claimant | April    , 2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

NYCDMS/1082604.1

AO 88 (Rev. 1/94) Subpoena In a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

NYCDMS/1082604.1

## **ATTACHMENT 1**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf, to appear and testify as to the matters covered by the documents requested in Attachment 2 of this subpoena.

## ATTACHMENT 2

## DEFINITIONS

1.      As used herein All Risks RE Corp. refers not only to the corporation itself but to its directors, officers, employees, attorneys, agents, servants and/or representatives, as well as its predecessors or successors in interest, parents, divisions, subsidiaries and affiliates and their respective directors, officers, employees, attorneys, agents, servants and/or representative and predecessors or successors in interest, parents, divisions, subsidiaries and affiliates.

## INSTRUCTIONS

1.      Each request for DOCUMENTS seeks production of all DOCUMENTS described herein, in the possession, custody or control of All Risks RE Corp., or of its agents, attorneys, servants, employees or representatives, whether prepared by All Risks RE Corp. or anyone else.

2.      Each request shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of this document request all DOCUMENTS that might otherwise be construed to be outside its scope.  "Including" shall be construed to mean "without any limitation." "All" includes the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the request inclusive rather than exclusive. The singular shall include the plural.

3.      This request for production of DOCUMENTS is ongoing and continuing and requires further and supplemental production by All Risks RE Corp. whenever it attains knowledge or a right of custody or custom of any additional DOCUMENTS within the scope of this request.

4.      In producing DOCUMENTS pursuant to this request, please indicate to which numbered request each DOCUMENT is responsive.

5.      For each DOCUMENT that you withhold on the basis of a claim of privilege, state:

      a)   the type of DOCUMENT (i.e., letter, memo, report, etc.);

      b)   information sufficient to enable identification of the DOCUMENT, including the title, subject matter, date, name and address of the author or signer, name and address of addressee, persons copied with the DOCUMENT and all other recipients;

      c)   the existence of any attachments, addenda or appendices;

      d)   the present location and custodian of the DOCUMENT; and

      e)   the type and basis of the privilege asserted.

6.      All DOCUMENTS shall be produced in the form in which they are maintained.  A request for a DOCUMENT shall be deemed to include a request for any and all file folders within which the DOCUMENT was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the DOCUMENT in addition to the DOCUMENT itself.

7.      Any objections to the production of DOCUMENTS requested herein shall be made in writing, specify the grounds upon which the objection is based, and be delivered to the law offices of Young Conaway Stargatt & Taylor, LLP, on or before the date set for production.

## DOCUMENTS REQUESTED

1.      All company and shareholder agreements of Uniwest Holding LLC/Antonina Tann LLC, except for the Uniwest Holding LLC Company Agreement dated August 10, 2004.

2.      All amendments to the documents referred in paragraph (1).

3.      All documents evidencing membership or participation in Uniwest Holding LLC/Antonina Tann LLC, including shareholder or company member certificates.

4.      All company and shareholder agreements of All Risks RE Corp., including shareholder or company member certificates.

5.      All amendments to the documents referred to in paragraph (4).

6.      All documents evidencing membership or participation in All Risks RE Corp., including shareholder or company member certificates.

7.      All documents evidencing an agreement between Aigar Ojaots and All Risks RE Corp..

8.      All documents evidencing the grant of authority to represent Uniwest Holding LLC/Antonina Tann LLC during the year 2004, including powers of attorney.

9.      All other documents related to the participation of Uniwest Holding LLC/Antonina Tann LLC and All Risks RE Corp. that is relevant to the claim of relief pending in Sweden.

10.      All other documents relating to Uniwest Holdings LLC/Antonina Tann LLC and All Risks RE Corp. that have not been produced in response to previous requests.

NYCDMS/1082604.1

# EXHIBIT C

AO 88 (Rev. 1/94) Subpoena In a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    DELAWARE

IN RE APPLICATION OF
OF SADKORA ENERGY
AB FOR ASSISTANCE
BEFORE A FOREIGN
TRIBUNAL.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]

TO:
Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, Delaware 19958

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | April _, 2008, 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 2

| PLACE | DATE AND TIME |
|---|---|
|  | April _, 2008, 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following promises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Claimant | April   , 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

NYCDMS/1082176.2

AO 88 (Rev. 1/94) Subpoena In a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena In a Civil Case

## <u>ATTACHMENT 1</u>

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf, to appear and testify as to the matters covered by the documents requested in Attachment 2 of this subpoena.

## ATTACHMENT 2

### DEFINITIONS

1.    As used herein Harvard Business Services, Inc. refers not only to the corporation itself but to its directors, officers, employees, attorneys, agents, servants and/or representatives, as well as its predecessors or successors in interest, parents, divisions, subsidiaries and affiliates and their respective directors, officers, employees, attorneys, agents, servants and/or representative and predecessors or successors in interest, parents, divisions, subsidiaries and affiliates.

### INSTRUCTIONS

1.    Each request for DOCUMENTS seeks production of all DOCUMENTS described herein, in the possession, custody or control of Harvard Business Services, Inc., or of its agents, attorneys, servants, employees or representatives, whether prepared by  Harvard Business Services, Inc. or anyone else.

2.    Each request shall be read to be inclusive rather than exclusive.  Accordingly, the words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of this document request all DOCUMENTS that might otherwise be construed to be outside its scope.  "Including" shall be construed to mean "without any limitation." "All" includes the word "any" and vice versa.  The past tense shall include the present tense and the present tense shall include the past tense so as to make the request inclusive rather than exclusive. The singular shall include the plural.

3.    This request for production of DOCUMENTS is ongoing and continuing and

requires further and supplemental production by Harvard Business Services, Inc. whenever it attains

knowledge or a right of custody or custom of any additional DOCUMENTS within the scope of this

request.

4.    In producing DOCUMENTS pursuant to this request, please indicate to which

numbered request each DOCUMENT is responsive.

5.    For each DOCUMENT that you withhold on the basis of a claim of privilege,

state:

    a)  the type of DOCUMENT (i.e., letter, memo, report, etc.);

    b)  information sufficient to enable identification of the DOCUMENT, including the

       title, subject matter, date, name and address of the author or signer, name and

       address of addressee, persons copied with the DOCUMENT and all other

       recipients;

    c)  the existence of any attachments, addenda or appendices;

    d)  the present location and custodian of the DOCUMENT; and

    e)  the type and basis of the privilege asserted.

6.    All DOCUMENTS shall be produced in the form in which they are maintained.  A

request for a DOCUMENT shall be deemed to include a request for any and all file folders within

which the DOCUMENT was contained, transmittal sheets, cover letters, exhibits, enclosures, or

attachments to the DOCUMENT in addition to the DOCUMENT itself.

7.    Any objections to the production of DOCUMENTS requested herein shall be made

in writing, specify the grounds upon which the objection is based, and be delivered to the law offices

of Young Conaway Stargatt & Taylor, LLP, on or before the date set for production.

## DOCUMENTS REQUESTED

1.    All company and shareholder agreements of Uniwest Holding LLC/Antonina Tann LLC, except for th Uniwest Holding LLC Company Agreement dated August 10, 2004.

2.    All amendments to the documents referred in paragraph (1).

3.    All documents evidencing membership or participation in Uniwest Holding LLC/Antonina Tann LLC, including shareholder or company member certificates.

4.    All company and shareholder agreements of All Risks RE Corp., including shareholder or company member certificates.

5.    All amendments to the documents referred to in paragraph (4).

6.    All documents evidencing membership or participation in All Risks RE Corp., including shareholder or company member certificates.

7.    All documents evidencing an agreement between Aigar Ojaots and All Risks RE Corp.

8.    All documents evidencing the grant of authority to represent Uniwest Holding LLC/Antonina Tann LLC during the year 2004, including powers of attorney.

9.    All other documents related to the participation of Uniwest Holding LLC/Antonina Tann LLC and All Risks RE Corp. that is relevant to the claim of relief pending in Sweden.

10.    All other documents relating to Uniwest Holdings LLC/Antonina Tann LLC and All Risks RE Corp. that have not been produced in response to previous requests.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SADKORA ENERGY AB
IN RE: APPLICATION FOR ASSISTANCE BEFORE A
FOREIGN TRIBUNAL

**DEFENDANT**

(b)  County Of Residence Of First Listed Plaintiff:  Wake County, North Carolina
      (Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c)  Attorneys (Firm Name, Address, And Telephone Number)
John W. Shaw, Esquire
Elena C. Norman, Esquire
Young Conaway Stargatt & Taylor, LLP,
1000 West Street,
Wilmington, DE 19801
(302) 571-6600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And
(For Diversity Cases Only)    One Box For Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place An X In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 U.S.C. 881<br>☐ 630 Liquor Laws<br>☐ 640 R R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 U.S.C. 158<br>☐ 423 Withdrawal 28 U.S.C. 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates, etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 U.S.C. 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl Ret Inc Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 U.S.C. 7609 | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.):
28 U.S.C. § 1782.

Brief description of cause:
Application to Take Discovery in Action before Foreign Tribunal.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

CLASS ACTION  YES  NO

DEMAND $

Check YES only if demanded in complaint
JURY DEMAND: YES  NO

## VIII. RELATED CASE(S) (See instructions)
IF ANY

JUDGE:

DOCKET NUMBER:

DATE: April 17, 2008

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse
(Rev. 3/99)

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a)  **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c)  **Attorneys.** Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: APPLICATION OF SADKORA
ENERGY AB FOR ASSISTANCE BEFORE
A FOREIGN TRIBUNAL.

Case No. _____

## ORDER

At Wilmington this ___ day of _____, 2008, having considered the Application

of Sadkora Energy AB for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 and the

supporting Declaration, and it appearing that the requirements of 28 U.S.C. § 1782 have been

satisfied, IT IS HEREBY ORDERED that:

1.    The Application of Sadkora Energy AB for an Order to Take Discovery Pursuant

to 28 U.S.C. § 1782 is granted;

2.    Sadkora Energy AB is authorized pursuant to 28 U.S.C. § 1782 to take discovery

relating to the issues identified in its application from Uniwest Holding LLC/Antonina Tann

LLC, All Risks RE Corp. and Harvard Business Services, Inc., including (1) issuing subpoenas

to Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business

Services, Inc. in the form attached to the Application as Exhibits A, B and C and (2) issuing

subpoenas to any other party with relevant knowledge or evidence, for the production of

documents and the taking of depositions as Sadkora Energy AB may deem reasonably

appropriate based upon review of documents produced and deposition testimony given by

Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services,

Inc. and as are consistent with the Federal Rules of Civil Procedure;

3.      Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services, Inc. are directed to comply with such subpoenas in accordance with, and subject to their rights under, the Federal Rules of Civil Procedure and the Rules of this Court;

4.      Young Conaway Stargatt & Taylor, LLP and Baker & McKenzie LLP, may sign and serve such subpoenas on Uniwest Holding LLC/Antonina Tann LLC, All Risks RE Corp. and Harvard Business Services, Inc. pursuant to Fed. R. Civ. P. 45(a)(3) in this matter;

5.      Testimony may be taken before any certified court reporter authorized to take testimony and administer oaths and take testimony in this matter; and

6.      Sadkora Energy AB shall deliver copies of this order and any subpoena issued pursuant to this order to the parties to the civil proceedings pending in Sweden.


_____
UNITED STATES DISTRICT JUDGE