# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5029
DIRECT FAX: 302-576-3402
enorman@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 17, 2008

**VIA HAND DELIVERY**

Dr. Peter T. Dalleo
Clerk of the Court
United States District Court
844 North King Street
Wilmington, DE 19801

        Re:    In Re: Application of Sadkora Energy AB
                for Assistance Before A Foreign Tribunal

Dear Dr. Dalleo:

       Please find attached, on behalf of Plaintiff Sadkora Energy AB, an application and accompanying papers in support of our request to open a miscellaneous action under 28 U.S.C. § 1782 to obtain discovery before a foreign tribunal. Specifically, Plaintiff makes this application for an order pursuant to 28 U.S.C. § 1782 directing that Uniwest Holding LLC ("Uniwest"), All Risks RE Corp. ("All Risks"), Harvard Business Services, Inc. ("Harvard Services") and any other parties who have relevant evidence or knowledge produce documents and give testimony for use in a pending arbitration proceeding in Sweden. Uniwest is a Delaware LLC. All Risks is the sole member of Uniwest. Harvard Services has its principal place of business in Delaware.

       We respectfully request that this application be granted pursuant to 28 U.S.C. § 1782. We anticipate that this application will be unopposed, insofar as it is being made pursuant to an order of the Arbitrator in the Swedish arbitration, which is proceeding pursuant to the Arbitration Institute of the Stockholm Chamber of Commerce. Plaintiff in this Delaware Action is the Claimant in the Swedish proceedings. The order of the Arbitrator in the Swedish proceedings "expressly grants the Claimant [Sadkora] permission to submit a petition to the Delaware courts . . . Pursuant to 28 U.S.C. § 1782, and respectfully asks the Delaware courts for their assistance in this regard, should such a petition be submitted." *See* attached Procedural

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dr. Peter T. Dalleo
April 17, 2008
Page 2

Order No. 2, Arbitration F (106/2007) of the Arbitration Institute of the Stockholm Chamber of Commerce. A copy of that ruling is attached to this letter, and also is attached as Exhibit F to the accompanying Declaration of Jonas Benedictsson.

      We respectfully request that the Court open the action and issue the requested order pursuant to 28 U.S.C. § 1782 as soon as possible. Time is of the essence in that the arbitration proceedings are underway. And, prompt treatment would be warranted, given that this application is being made pursuant to the direction of the Swedish Arbitrator and will likely not be opposed.

      Counsel is available at the convenience of the Court to answer any questions.

Respectfully submitted,

Elena C. Norman (No. 4780)

ECN:smf
Enclosure

> **PROCEDURAL ORDER N°2**
>
> Arbitration F (106/2007)
>
> of the Arbitration Institute of the Stockholm Chamber of Commerce

In the matter of an arbitration between:

Claimant

SADKORA ENERGY AB

and

Respondents

(1) ANTONINA TANN LLC (PREVIOUSLY KNOWN AS UNIWEST HOLDING LLC)

(2) MR AIGAR OJAOTS

I. **FACTUAL BACKGROUND**

1. On 26 February 2008, in connection with the filing of its Statement of Claim on that date, the Claimant requested guidance from the Sole Arbitrator as to the proper course to take for service of its submissions upon Respondent No. 1. The Claimant indicated that it has been unable to find a current address for service of process upon Respondent No. 1. It is apparent that the agent who serviced Respondent No. 1 in Delaware at the outset of these proceedings no longer maintains any relationship with Respondent No. 1.

2. As part of its Statement of Claim, the Claimant sought an order from the Sole Arbitrator for the production of documents, directed against both Respondents, should Respondent No. 2 continue to maintain that he does not own or control Respondent No. 1. The Claimant indicated that this order would be used to petition the courts of Delaware for the production of documents from Respondent No. 1 pursuant to 28 USC §1782.

3. Also on 26 February 2008, the Sole Arbitrator asked Respondent No. 2 to provide any contact information it may have for Respondent No. 2.

4. On 29 February 2008, counsel for Respondent No. 2 informed the Sole Arbitrator that "Mr Ojaots has no knowledge of any contact information of Antonina Tann LLC and due to that may not provide any information thereto. Mr Ojaots has no contacts whatsoever to the said company or to possible individuals behind [the company]."

5. On 18 March 2008, Respondent No. 2 submitted its Statement of Defense, confirming its position that it has never owned or controlled Respondent No. 1. The Statement of Defense was accompanied by several witness statements signed by Respondent No. 2 and other individuals, repeating this factual assertion. Also included with Respondent No. 2's filing was the Company Agreement of Respondent No. 1. This document suggests that Respondent No. 2 did not own Respondent No. 1 at the time the relevant contract was signed by Respondent No. 1.

6. On 25 March 2008, the Claimant submitted a Partial Reply to the Statement of Defense. In this submission, the Claimant reiterated its request for a document production order. It also sought a six-week stay of the proceedings, in light of (1) the need to receive documents from the Respondents with respect to their relationship, and (2) a serious medical condition of the Claimant's representative, which will require surgery.

II. **ORDER FOR THE PRODUCTION OF DOCUMENTS**

7. *Both Respondents* are hereby ordered to produce *to the Claimant* copies of the following documents, to the extent that they are in either Respondent's possession or control:

    a. all company and shareholder agreements of Uniwest Holding LLC and/or Antonina Tann LLC, except for the Uniwest Holding LLC Company Agreement dated 10 August 2004 that was submitted with Respondent No. 2's Statement of Defense;

    b. all amendments to the documents referred to in paragraph (a);

    c. all documents evidencing membership or participation in Uniwest Holding LLC and/or Antonina Tann LLC, including shareholder or company member certificates;

    d. all company and shareholder agreements of All Risks RE Corp.;

    e. all amendments to the documents referred to in paragraph (d);

    f. all documents evidencing membership or participation in All Risks RE Corp., including shareholder or company member certificates;

    g. all documents evidencing an agreement between Respondent No. 2 and All Risks RE Corp.; and

    h. all documents evidencing the grant of authority to represent Uniwest Holding LLC and/or Antonina Tann LLC during the year 2004, including powers of attorney.

8. As indicated in the new procedural timetable below, the Respondents shall produce all documents responsive to this Order no later than 9 April 2008.

9. The Sole Arbitrator expressly grants the Claimant permission to submit a petition to the Delaware courts on the basis of this Order pursuant to 28 USC §1782, and respectfully asks the Delaware courts for their assistance in this regard, should such a petition be submitted.

III. TIMETABLE

10. In light of the considerations set forth in the Claimant's Partial Statement of Reply, the procedural timetable is hereby modified as follows:

| N° | Date | Party | Description |
|---|---|---|---|
| (a) | 26 February 2008 | Claimant | Statement of Claim |
| (b) | 18 March 2008 | Respondents | Statement(s) of Defence |

| (b.1) | 9 April 2008 | Respondents | Production of Documents |
| (c) | 23 April 2008 | Claimant | Supplemental Statement of Reply |
| (d) | 7 May 2008 | Respondents | Statement(s) of Rejoinder |

11. It is noted that the Parties disagree as to the need for an oral hearing in this case. The Claimant has requested that such a hearing be held, while Respondent No. 2 submits that no oral hearing is necessary. The Sole Arbitrator will issue an order in this regard as soon as possible after the submission of the Respondents' Rejoinder.

12. The time limits in paragraph 1 have been established in accordance with the spirit of Article 19(3)(iii) of the SCC Expedited Arbitration Rules, but with due consideration of the need to provide additional time to ensure that communications reach all of the Parties, and the procedural complications that have arisen and which are described in detail above. Extensions of time (and adjustments to the above calendar if needed) may be granted by the Sole Arbitrator at his discretion provided that a duly justified request is submitted before or, if not possible, immediately after the event preventing a Party from complying with the deadline.

13. Pursuant to Article 36 of the SCC Expedited Arbitration Rules, an award shall in principle be rendered no later than three months from the date on which the case was referred to the Sole Arbitrator. In light of these changes to the procedural timetable, it is now clear that this will not be possible. Consistent with the SCC Expedited Arbitration Rules, the Sole Arbitrator will therefore seek an extension of the deadline from the SCC Arbitration Institute as necessary to ensure that the Parties have a full opportunity to present their case.

_____
Noah Rubins
Sole Arbitrator

26 March 2008